**Theresa Weston SAUNDERS, Appellant**

v.

**DISTRICT OF COLUMBIA, A Municipal Corporation, et al., Appellees.**

**No. 13–7158.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 30, 2015.

Theresa Weston Saunders, Glenn Dale, MD, pro se.

Before: GARLAND, Chief Judge, ROGERS, Circuit Judge, and GINSBURG, Senior Circuit Judge.

#### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral arguments of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opin-

ion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

To prevail on a claim of retaliation under the False Claims Act, 31 U.S.C. § 3730(h), a plaintiff must demonstrate, inter alia, that she was "discriminated against 'because of'" protected activity. *U.S. ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 736 (D.C.Cir.1998). Saunders cannot satisfy that burden. For the reasons stated in the district court's memorandum opinion, Saunders failed to present sufficient evidence for a reasonable jury to conclude that the District of Columbia's Chief Technology Officer (CTO) convinced others to demote and fire her in retaliation for her activities at the Office of the CTO. *See Saunders v. District of Columbia*, 958 F.Supp.2d 222 (D.D.C.2013). For the reasons stated in the district court's opinion denying reconsideration, Saunders forfeited her alternative argument that the head of the Special Projects Team and the District's Chief Financial Officer independently retaliated against her. *See* J.A. 435–38. Even if that independent retaliation theory had been preserved, however, Saunders failed to offer sufficient evidence for a reasonable jury to accept it.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en Banc*. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.